

John B. Hayter, Philadelphia, Pa., for debtor.

Gary E. McCafferty, Philadelphia, Pa., for Main Line Federal Sav. and Loan Ass'n.

**In re James I. RANSOM, Debtor.**

**No. 85–03630 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 22, 1986.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Main Line Federal Savings and Loan Association ("Main Line"), the first mortgagee of the Chapter 13 debtor's real property, has filed a motion to dismiss the debtor's bankruptcy case because the filing of the case allegedly violated 11 U.S.C. § 109(f)(2). The debtor opposes the mo-

tion. For the following reasons, we shall deny Main Line's motion to dismiss.[1]

On May 13, 1985, the debtor filed a praecipe to withdraw his previous Chapter 13 case. On May 14, 1985, Main Line filed a request for relief from the automatic stay of 11 U.S.C. § 362 in that prior case. On June 12, 1985 we entered an Order dismissing the prior case pursuant to the aforementioned praecipe to withdraw. The instant case was filed on September 3, 1985. The parties agree that no facts other than the foregoing are relevant to Main Line's motion to dismiss.

Section 109(f)(2) of the Bankruptcy Code, 11 U.S.C. § 109(f)(2), states:

"(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if— . . .

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

Of course, both the debtor's praecipe to withdraw his prior Chapter 13 case and our Order pursuant thereto occurred within 180 days of the debtor's filing of his present Chapter 13 case. Also, the parties agree, as do we, that the praecipe to withdraw constitutes a request for voluntary dismissal under § 109(f)(2).

Main Line argues that the voluntary dismissal of a Chapter 13 case does not take effect upon a debtor's request for same. Rather, it takes effect only upon the entry of an order dismissing the case, argues Main Line, citing *In re Merritt*, 39 B.R. 462 (Bankr.E.D.Pa.1984). Therefore, continues Main Line, the voluntary dismissal of the debtor's prior Chapter 13 case did not take effect until the entry of our Order on June 12, 1985, which was subsequent to the May 14, 1985 filing of Main Line's automatic stay relief request. Main Line then states

in conclusion, without any further explanation or argument: "Hence, the Debtors' (sic) instant bankruptcy petition was filed in violation of Section 109(f)(2)." (Main Line's memorandum of law, page 3).

In sum, Main Line's argument appears to be that the date that a voluntary dismissal was "obtained" (took effect) is the critical date for § 109(f)(2) purposes and that the date that the voluntary dismissal was "requested" is irrelevant. Main Line does not even attempt to support this argument and we find it to be without merit. Our decision is based upon the language of the statute itself. Section 109(f)(2) states "requested *and* obtained," not "requested *or* obtained." Therefore, we believe that the plain language of § 109(f)(2) commands that § 109(f)(2) is inoperative to disqualify an individual from being a debtor unless both the requesting of and obtaining of a voluntary dismissal in the prior case followed the filing of the automatic stay relief request. We simply cannot, as Main Line apparently suggests, read the word "requested" out of § 109(f)(2).

We also note that our foregoing discussion of § 109(f)(2) is not inconsistent with the intent of § 109(f) to curb abuses of the bankruptcy system. *See* 130 Cong.Rec. S8894 (daily ed. June 29, 1984), *reprinted in* 1984 U.S.Code Cong. and Admin.News 590, 597–98 (statements of Sen. Hatch). An important element of this abuse was the opportunity (and often desire) of a debtor, with little fear of the consequences, to move for the dismissal of his case after being confronted with, and as a direct result of, the filing of an automatic stay relief action. However, of course, this type of abuse does not exist where, as here, the request for voluntary dismissal precedes the filing of the automatic stay relief request. In this regard, see 2 *Collier on Bankruptcy* Para. 109.06, at 109–27 (15th ed. 1985):

"Thus, section 109(f) prevents certain tactics on the debtor's part that could be

---

**1.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required

by Bankruptcy Rule 7052.

deemed abusive.... The debtor who obtains dismissal of the case *when faced with a motion for relief from the section 362 automatic stay* may not immediately refile and thereby frustrate creditors' attempts at having their rights adjudicated within a reasonable period of time." (Emphasis added).

For the foregoing reasons, Main Line's motion to dismiss shall be denied.