In re Martin ROSENTHAL and Kathy Rosenthal, Debtors.

Bankruptcy No. 90–3706–8P3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 19, 1990.

Gary A. Carnal, St. Petersburg, Fla., for debtors.

Chris Larimore, Bradenton, Fla., Trustee.

Metro Realty & Mortgage, David S. Jennis, Tampa, Fla., for movant.

## ORDER ON MOTION TO DISMISS CHAPTER 13 PETITION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon the Motion To Dismiss Chapter 13 Petition filed by Metro Realty and Mortgage Company (Metro) in the above-captioned Chapter 13 case. The Court has considered the Motion, together with the record and comments of counsel, and is satisfied that it is appropriate to enter an order granting the Motion.

The Debtors in this case filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on April 20, 1990. On January 26, 1990, an Order dismissing the Debtors' previous Chapter 13 case, Case No. 87–6872–8B3, was entered. That Order was entered in response to the Debtors' Motion for Order of Voluntary Dismissal of Case.

It is the contention of Metro that this Chapter 13 Petition was filed less than 180 days following the Order granting the Debtors' Motion for Voluntary Dismissal, both of which were after Metro filed its Motion for Relief from Stay, therefore, by virtue of § 109(g)(2) of the Bankruptcy Code, the Debtors are ineligible to be debtors under Chapter 13 of the Bankruptcy Code.

Section 109(g) of the Bankruptcy Code provides in pertinent part that a person is ineligible to be a debtor under Title 11 if he has previously been a debtor in a case pending under Title 11 in the preceding 180 days, and if he requested and obtained the voluntary dismissal of that case following the filing of a request for relief from the automatic stay by a creditor.

A review of the Debtors' previous Chapter 13 case reveals that both the Motion for Relief from Stay filed by Metro, and the Motion for Order of Voluntary Dismissal of Case were filed on January 24, 1990. Based on this, the Debtors contend that they are not precluded from being debtors under § 109(g)(2), because the Motion for Order of Voluntary Dismissal was filed on the same day, and not before, Metro's Motion for Relief from Stay.

The Motion for Order of Voluntary Dismissal of Case was mailed to the Bankruptcy Court where it was file stamped with the date, but not the time of day. Metro's Motion for Relief from Stay was hand-carried to the Bankruptcy Court, and therefore includes both a date stamp and a time stamp. Essentially, there is no way to determine from the record which Motion was filed first.

Thus, whether the Motion for Relief from Stay was received by the Bankruptcy Court before or after the filing of the Motion for Order of Voluntary Dismissal is unclear. Be that as it may, this is really of no consequence because the Debtors have a long history in bankruptcy court. In 1984, the Debtors obtained a discharge under Chapter 7. In 1984, their Petition for Relief under Chapter 13 was dismissed. Their second Chapter 13 Petition was dismissed in January of 1990. In sum, this is the fourth bankruptcy proceeding for these Debtors since 1984.

Section 109(g)(2) is, in part, the response by Congress to prevent abuses of § 1307(b) of the Bankruptcy Code, which allows a Chapter 13 debtor the absolute right to dismissal of his case at any time before the case was converted. *In re Keul*, 76 B.R. 79 (Bankr.E.D.Pa.1987), *citing, In re Turiace*, 41 B.R. 466 (Bankr.D.Ore.1984), H.R. Rep. No. 95–595, 95th Cong. 1st Sess. 428 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6384. Section 109(g)(2) was intended to prevent the abusive filings of new petitions soon after legitimate requests for relief from the automatic stay. In light of the long unsavory history of these Debtors involved, this Court is satisfied that even though these Debtors may be technically bound by § 109(g) to such relief, this Petition was filed in bad faith and it is time to close the revolving door, and the Motion To Dismiss filed by Metro Realty and Mortgage Company should be granted. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Dismiss filed in the above-captioned Chapter 13 case be, and the same is hereby, granted, and the above-captioned Chapter 13 case be, and

the same is hereby, dismissed with prejudice.

DONE AND ORDERED.