**In re James E. HICKS, C. Delores Hicks, Debtors.**

**Bankruptcy No. 91–4–3414–SD.**

United States Bankruptcy Court, D. Maryland, at Rockville.

March 9, 1992.

Sallye A. Higgin, Washington, D.C., for debtors.

William Savage, Traci Barrett, Shapiro & Burson, Arlington, Va., for creditor, Litton Mortg. Corp.

Ellen Cosby, trustee.

MEMORANDUM OPINION FINDING 11 U.S.C. § 109(g)(2) NOT APPLICABLE

E. STEPHEN DERBY, Bankruptcy Judge.

The question before the court is under what circumstances individual debtors are barred from refiling for relief under the Bankruptcy Code for 180 days by 11 U.S.C. § 109(g)(2). The debtors requested dismissal of their case prior to the filing of a motion for relief from stay; however, the order dismissing the case was not entered until after a motion for relief from stay had been filed. For the reasons stated below, this court finds § 109(g)(2) applicable only where a debtor has both filed and obtained a voluntary dismissal after the filing of a motion for relief from stay. Accordingly, the order dismissing the debtor's prior case is amended to reflect that the debtors' dismissal is not subject to § 109(g)(2).

I.

*Procedural History.*

On July 16, 1991, James E. Hicks and C. Delores Hicks filed a petition for relief under Chapter 13 of the Bankruptcy Code. On September 23, 1991, debtors filed a motion to dismiss their petition. A creditor, Litton Mortgage Servicing Center, Inc., filed a motion for relief from stay on October 15, 1991. Thereafter, on November 7, 1991, debtors' motion to dismiss was granted. Pursuant to this Court's procedure, the clerk checked on the face of the order that the dismissal was subject to § 109(g), which prohibited the debtors from refiling for 180 days. The clerk took this action because the motion for relief from stay had been filed before the order of dismissal was entered.

On February 12, 1992, debtors, represented by new counsel, filed an emergency motion to vacate the order dismissing the debtors' case subject to § 109(g) and to amend the order to make dismissal of the case without prejudice, so as to permit the debtor to file a new bankruptcy petition. The basis for the emergency was that a foreclosure sale by Litton was scheduled for February 27, 1992. While both the emergency motion and a memorandum in support were served on Litton, no opposition to the relief requested has been filed.

## II.

### Discussion.

Debtors aver that their case should not have been dismissed subject to § 109(g) because the requirements of that section were not met. The applicable subsection is § 109(g)(2), which provides:

(g) Notwithstanding any other provision of the section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

\* \* \* \* \* \*

(2) the *debtor* requested *and* obtained the voluntary dismissal of the case *following* the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2) (1988) (Emphasis supplied).

 Debtors argue § 109(g)(2) requires that both the filing and the obtaining of a voluntary dismissal occur after the filing of a motion for relief from stay, and that it is not sufficient merely for the order of voluntary dismissal to be preceded by the motion for relief from stay. In other words, if an individual debtor files a motion to dismiss before a motion for relief from stay has been filed, and if the motion to dismiss is later granted after a motion for relief from stay has been filed, the dismissal is not subject to § 109(g)(2). The court agrees. Accord, Lundin, Chapter 13 Bankruptcy § 1.72 at fn. 260 (1990).

In 1984, Congress enacted § 109(f), the predecessor to § 109(g), in the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub.L. No. 98–353, 98 Stat. 352 (1984). In 1986, § 109(f) was renumbered to § 109(g) without substantive change. Pub.L. No. 99–554, 100 Stat. 3105 (1986). The purpose of § 109(g)(2) is creditor protection.

[S]ection 109(g) prevents certain tactics on the debtor's part that could be deemed abusive.... The debtor who obtains dismissal of the case when faced with a motion for relief from the section 362 automatic stay may not immediately refile and thereby frustrate creditors attempts at having their rights adjudicated within a reasonable period of time.

2 *Collier on Bankruptcy,* ¶ 109.06 at 109.32 (15th ed. 1991).

Further, the Senate Report to the Bankruptcy Amendments and Federal Judgeship Act of 1984 states that "[s]ubsection (f) adds a new paragraph to section 109. The purpose of the new paragraph is to provide the court with greater authority to control abusive multiple filings." S.Rep. No. 65, 98th Cong., 1st Sess. 74 (1983).

Pursuant to this purpose, various courts have applied the plain language of the section to dismiss subsequently filed petitions when debtors both filed and received a voluntary dismissal of their bankruptcy cases following a motion for relief from stay. *See In re Denson,* 56 B.R. 543 (Bankr.N.D.Ala.1986); *In re Keul,* 76 B.R. 79 (Bankr.E.D.Pa.1987); *In re Gregory,* 110 B.R. 911 (Bankr.E.D.Mo.1989); *In re Tooke,* 133 B.R. 661 (Bankr.M.D.Fla.1991). Two courts have examined this section where debtor's request for dismissal did not follow the filing of a motion for relief from stay.

In *In re Ransom,* 60 B.R. 19 (Bankr. E.D.Pa.1986), a Chapter 13 debtor filed his request to dismiss one day prior to the filing of a motion for relief from stay. In denying the creditor's motion to dismiss the debtor's subsequently filed case, the court concluded:

Our decision is based upon the language of the statute itself. Section 109(f)(2)

states "requested *and* obtained," not "requested *or* obtained." Therefore, we believe that the plain language of § 109(f)(2) commands that § 109(f)(2) is inoperative to disqualify an individual from being a debtor unless both the requesting of and obtaining of a voluntary dismissal in the prior case followed the filing of the automatic stay relief request. We simply cannot, as [creditor] apparently suggests, read the word "requested" out of § 109(f)(2).

*Id.* at 20 (Emphasis in original).

The court explained how its conclusion was consistent with the legislative purpose as follows:

We also note that our foregoing discussion of § 109(f)(2) is not inconsistent with the intent of § 109(f)(2) to curb abuses of the bankruptcy system.... An important element of this abuse was the opportunity (and often desire) of a debtor, with little fear of the consequences, to move for the dismissal of his case after being confronted with, and as a direct result of, the filing of an automatic stay relief action. However, of course, this type of abuse does not exist where, as here, the request for voluntary dismissal precedes the filing of the automatic stay relief request.

*Id.*

In *In re Rosenthal*, 117 B.R. 710 (Bankr. M.D.Fla.1990), the court refused to entertain an argument that a subsequent filed petition was not invalid under § 109(g)(2) where the debtor and creditor had filed their motions to dismiss and for relief from stay respectively on the same day. The debtor in *Rosenthal*, however, had filed four prior petitions within six years, and the court found bad faith on those grounds.

Debtors' counsel additionally argues that the debtor's case should not have been dismissed with prejudice because § 1307(b) of the Bankruptcy Code allows the Chapter 13 debtor an absolute right to dismiss its case. In support of this argument, debtor cites various cases which emphasize this important right of dismissal. *See e.g. In re McConnell*, 60 B.R. 310 (Bankr.M.D.Va. 1986); *In re Looney*, 90 B.R. 217 (Bankr.

M.D.Va.1988). This argument is misplaced since the issue before the court is not whether the debtor could obtain a dismissal of right, but whether the dismissal precludes refiling for a period of time. However, since the court is persuaded by debtors' interpretation of the statutory language in § 109(g)(2), this point need not be examined further.

### III.

### *Conclusion.*

This court agrees with the rationale as set out in *In re Ransom, supra.* The language of 109(g)(2) is explicit, and it requires that both the filing of a request for dismissal and an order dismissing the case follow the motion for relief from stay for it to be applicable. The task of statutory interpretation should begin with the words of the statute. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *Landreth Timber Company v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). "In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' " *Ron Pair*, 489 U.S. at 241, 109 S.Ct. at 1030, *citing, Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). Moreover, "a statute must, if possible, be construed in such fashion that every word has some operative effect." *United States v. Nordic Village*, — U.S. —, —, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992) (Scalia, J.); *United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955). The word "and" is additive in definition. *See e.g.*, The Random House Dictionary of the English Language 76 (2nd ed. unabridged 1987). It would be unreasonable to conclude that Congress included "and" for no purpose. Unlike "and," Congress defined "or" as "not exclusive" under § 102 of the Bankruptcy Code. Since "and" is not defined under the Bankruptcy Code, inverse reasoning would suggest that "and" is inclusive in scope and does not include "or" in its exclusive sense.

While this court is sensitive to concerns surrounding multiple filings, and does not condone them as a tactic nor wish to instill a fear of negotiation into creditors who may attempt to reach compromise before filing a motion for relief from stay, the Bankruptcy Code's literal dictate cannot be ignored. Section 109(g)(2) should be applied as written.