**In re Arnold NAROD, Debtor.**

Civ. A. No. 91–1307.
Bankruptcy No. 89–14217S.

United States District Court,
E.D. Pennsylvania.

March 31, 1992.

Arnold Narod, pro se.

Lawrence T. Phelan, Philadelphia, Pa., for Federal Nat. Mortg. Ass'n.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

The Federal National Mortgage Association (FNMA) moves the Court to reconsider the Court's denial of FNMA's appeal from an order of the bankruptcy court dated January 31, 1991. The bankruptcy court's order denied FNMA's "Motion to Vacate Voluntary Dismissal Order and Motion to Dismiss Pursuant to Section 109(g) and for Sanctions Pursuant to Bankruptcy Rule 9011," which were filed as one submission in that court on January 2, 1991 against Arnold Narod, the debtor herein.

FNMA is the mortgagee of property owned by Narod ("Property"), located in King of Prussia, PA, which it has attempted to sell on six occasions. FNMA alleges that Narod has initiated personal bankruptcy proceedings on the eve of each of these attempted sales, and then voluntarily dismissed the proceedings before an order for relief can be entered on FNMA's behalf in the bankruptcy court. The first five proceedings were filed in the Eastern District of Pennsylvania; the sixth, in the District of Maryland. FNMA argues that Narod's six bankruptcy petitions [1] were filed in bad faith to thwart FNMA's sale of the property. Narod apparently has handled his bankruptcy proceedings pro se.

FNMA now requests this Court to reverse the decision of the bankruptcy court and enter an order, (1) reopening Narod's last bankruptcy case in the Eastern District of Pennsylvania (No. 89–14217S), (2) dismissing it pursuant to 11 U.S.C. Sec. 109(g), thereby prohibiting Narod or his spouse from filing or refiling a bankruptcy petition for a period of 180 days from the date of the order, (3) providing that the order shall have res judicata effect upon any subsequent filing, and (4) awarding counsel fees and costs to FNMA. In the alternative FNMA requests the court to remand the matter with appropriate directions to the bankruptcy court. Motion for Reconsideration at 8–9. Because I find

that the debtor's obvious, repeated abuse of the Bankruptcy Code falls within the scope of conduct that Bankruptcy Rule 9011 and 11 U.S.C. § 109(g) seek to prohibit, I will reverse the bankruptcy court's order of January 31, 1991 refusing to re-open No. 89–14217S. Accordingly, the case will be remanded to the bankruptcy court for proceedings consistent with this Memorandum.

### I. Factual and Procedural Background

In its Motion for reconsideration, FNMA presents the following chronology of its attempts to secure relief against Narod.[2]

On October 15, 1985, the day before the first scheduled Sheriff's sale of the Property, Narod initiated Chapter 13 bankruptcy proceedings in the Eastern District of Pennsylvania. Approximately one month later, on November 14, 1985, Narod filed a praecipe for voluntary dismissal of this case and the bankruptcy court summarily dismissed it. On June 24, 1986, the day of the next scheduled Sheriff's sale, Narod filed a second Chapter 13 bankruptcy petition, which he dismissed by praecipe three weeks later on July 15, 1986. Narod filed a third Chapter 13 bankruptcy petition on January 20, 1987, the day before the third scheduled Sheriff's sale. This case was dismissed two weeks later, after Narod filed a third praecipe for voluntary dismissal on February 4, 1987. Some eight and one-half months later, on October 27, 1987, the day before the next scheduled Sheriff's sale of his property, Narod, not surprisingly, filed his fourth Chapter 13 case. This fourth case was dismissed by the bankruptcy court on motion of the Chapter 13 Trustee on May 11, 1989. In the meanwhile, Narod's wife, Bonnie Narod, had filed her own bankruptcy case on November 18, 1988, which was closed on June 20, 1989.

Narod filed his fifth bankruptcy case on November 15, 1989, barely six months after the dismissal of his fourth case and one day before the fifth scheduled Sheriff's

---

1. Narod's wife, Bonnie Narod, is alleged to have filed an additional petition on her own for the same purpose. Appellant's Motion for Reconsideration at 3.

2. These facts stand uncontested, as Narod has filed no response to FNMA's motion.

sale of the Property. On December 7, 1989, three weeks later, Narod again filed a praecipe for voluntary dismissal of his case. The case was closed on December 12, 1989.

The fifth filing and dismissal by Narod prompted FNMA to move[3] the bankruptcy court to reinstate Narod's case and dismiss it, prohibiting Narod or his wife from filing another petition for a period of 180 days.[4] FNMA alleges that Narod failed to answer or appear in connection with that motion, despite the fact that a hearing was scheduled by the bankruptcy court. On April 19, 1990, the bankruptcy judge, without taking testimony, entered an order denying FNMA's motion. FNMA again scheduled Narod's property for Sheriff's sale, on September 19, 1990. On the eve of sale, Narod filed a sixth Chapter 13 petition, however this petition was filed in the District of Maryland. Scarcely more than a month later, on October 24, 1990, the court dismissed Narod's sixth case and terminated the automatic stay after Narod filed another praecipe for voluntary dismissal. Upon the dismissal of Narod's sixth case—the seventh altogether for Narod and his wife—FNMA renewed its motion in the Eastern District of Pennsylvania to reopen and dismiss Narod's fifth Chapter 13 filing, and to prohibit the Narods from filing or refiling a bankruptcy petition for 180 days pursuant to 11 U.S.C. § 109(g). The bankruptcy court denied FNMA's request for relief on January 31, 1991, again without an answer or appearance by Narod. FNMA appealed that ruling to this Court in May 1991.

By Order dated May 31, 1991, I denied FNMA's appeal without prejudice to reconsideration upon designation of a more complete record. In so ruling, I had assumed that the bankruptcy court had conducted hearings in conjunction with its January 31, 1991 and April 19, 1990 orders, but that FNMA had omitted transcripts of these hearings from the record on appeal. In its present Motion for Reconsideration, filed June 6, 1991, FNMA asserts that such transcripts are unavailable to supplement the record because no hearings were held. Accepting these uncontested allegations as true, I find that FNMA's appeal is now ripe for review.[5]

## II.  Discussion

In reviewing decisions of the bankruptcy court, a district court will not set aside findings of fact unless clearly erroneous. *United States and Internal Revenue Service v. Owens*, 84 B.R. 361, 363 (E.D.Pa. 1990). However, a bankruptcy court's determination of an issue of law is subject to plenary, de novo review by the district court. *See In re Pacor*, 110 B.R. 686, 687 (E.D.Pa.1990); *In re Joshua Slocum Ltd.*, 109 B.R. 101, 103 (E.D.Pa.1989).

FNMA seeks to have Narod's fifth Chapter 13 bankruptcy petition, filed in the Eastern District of Pennsylvania, reopened so that it may be dismissed pursuant to 11 U.S.C. § 109(g)—the provision of the Bankruptcy Code governing the eligibility of repeat filers for relief under the Code. As discussed above, the bankruptcy court twice considered this request—on April 19, 1990, and on January 31, 1991—and denied it. The April 19, 1990 order, which was unaccompanied by further written findings or opinion, stated:

This case was closed on Dec. 12, 1989. Assuming *arguendo* that we may consider this motion as seeking to reopen this case, the instant motion does not seek to administer assets or accord relief to the Debtor, nor is there sufficient other 'cause' shown in a motion to reopen this case in a motion filed over four months after its closing. *See* 11 U.S.C. § 350(b). Relief against Arnold S. Narod and Bon-

---

**3.** FNMA does not indicate the exact date on which it filed its motion in the bankruptcy court.

**4.** The relief sought in the bankruptcy court on that motion was identical to the relief demanded in the present motion and appeal.

**5.** On August 12, 1991, I directed that Narod, who had not yet appeared, would have ten days to respond to FNMA's Motion for Reconsideration before the Court would proceed to rule on the merits of FNMA's appeal. In the months since entry of that Order, Narod has not appeared or answered.

nie O. Narod, including sanctions, will be considered if they make any additional frivolous bankruptcy filings.

The order of January 31, 1991 stated, in its entirety: "There is no basis at this late date to reconsider our Order of April 19, 1990, denying a very similar motion."

From the face of these orders, it appears that the bankruptcy court denied FNMA's motions on the grounds that, (1) the motions were untimely, and (2) there was no legal basis to reopen Narod's fifth bankruptcy case. I will review these considerations in turn.[6]

### A.

Three provisions of the Federal Bankruptcy Code and Rules govern the reopening of bankruptcy cases. Title 11, United States Code, Section 350(b), specifies the conditions under which bankruptcy cases may be reopened. It provides:

§ 350.  Closing and reopening cases.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b). Federal Rule of Bankruptcy Procedure 5010 provides that section 350(b) may be invoked by motion of the debtor or other party in interest. Fed. R.Bank.P. 5010 (amended 1991). *See also* Collier on Bankruptcy at ¶¶ 350.03; 350.-03[2] (15th ed.). Rule 9024 provides that a motion to reopen under Rule 5010 is not subject to the one-year time limit under Rule 60(b) of the Federal Rules of Civil Procedure that generally applies to motions from relief from an order of the court. *See*

Fed.R.Bank.P. 9024;  Collier on Bankruptcy ¶ 350.03.[7]

More than a year had elapsed from the date the debtor's fifth case was closed, on December 12, 1989, before FNMA filed the motion for relief in the bankruptcy court, on January 4, 1991, that is the subject of the instant appeal.[8] Nevertheless, Rule 9024 plainly provides that a motion to reopen by a qualified party under Rule 5010 need not be brought within any specified time period. Therefore, I find that FNMA, which, as a creditor of Narod's, is unquestionably a party in interest to the proceedings below, meets all of the threshold criteria for consideration of the merits of its section 350(b) showing. Thus to the extent that the bankruptcy court's January 31, 1991 order rested on a determination that FNMA's motion was untimely,[9] such determination was erroneous.

### B.

Section 350(b) provides that a bankruptcy case may be reopened for any of three reasons: (1) to administer assets, (2) to accord relief to the debtor, or (3) the existence of "other cause." While I am in accord with the bankruptcy court's finding, discussed in the April 19, 1990 order, that FNMA does not seek to accomplish either of the first two of these purposes, I cannot agree that FNMA did not demonstrate "other cause" to reopen Narod's last filing in the bankruptcy court in the Eastern District of Pennsylvania—his fifth Chapter 13 case.

It is within the discretion of the bankruptcy court, and indeed it is the

---

**6.** Appellant's brief presents a helpful recital of the uncontroverted facts, but its analysis of the legal issues posed by this appeal is, to put it mildly, somewhat meager.

**7.** Rule 9024 provides in relevant part:
Rule 60 Fed.R.Civ.P. applies in cases under the Code except that ... a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b).

F.R.Bank.P. 9024.

**8.** FNMA's first application to the bankruptcy court was within a few months of the December 12, 1989 dismissal of Narod's fifth case, but FNMA did not appeal from the bankruptcy court's April 19, 1990 denial of that application.

**9.** As noted above, the bankruptcy court's order of January 31, 1991 stated, "There is no basis at this late date to reconsider our order of April 19, 1990, denying a very similar motion."

court's obligation, to prevent flagrant abuse of the Bankruptcy Code. This power of the court is embodied in Rule 9011 of the Bankruptcy Code and 11 U.S.C. § 109(g).[10] Rule 9011, which is very similar to Federal Rule of Civil Procedure 11, provides:

> Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party ... shall be signed.... A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of the attorney's or party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; *and that it is not interposed for any improper purpose, such as to harass, to cause delay, or increase the cost of litigation*.... If a document is signed in violation of this rule, the court on motion or its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Fed.R.Bank.P. 9011. As Rule 9011 plainly states, sanctions imposed under the rule are not limited to expenses or fees. If and when the bankruptcy court becomes aware of facts that suggest that a petition for relief in bankruptcy has been filed in violation of Rule 9011, regardless of the petition's final disposition, the court's duty, whether on its own initiative or on motion, to investigate such facts and the appropriateness of imposing Rule 9011 sanctions may constitute "cause" within the meaning of § 350(b) for reopening a filing.

■ FNMA alleges that:

10. 11 U.S.C. § 109(g) is discussed *infra* at II.C.

> There can be no question that Narod's conduct is a flagrant and egregious abuse of the automatic stay provisions of the Bankruptcy Code. The uncontroverted evidence shows that he has filed six (6) bad faith bankruptcies on the eve of a Sheriff Sale for the sole and improper purpose of stopping the sale of a property.
>
> His conduct cannot be described as anything other than obdurate and vexatious and for the improper purpose of causing FNMA great cost and expense.

Brief of Appellant at 8. The uncontroverted facts support FNMA's characterization of Narod's behavior. Narod's Chapter 13 petitions uniformly were filed on the eve of FNMA's scheduled Sheriff sales of the Property; all but one of the cases were dismissed by the debtor without further substantive proceedings. The other case— Narod's fourth—was dismissed on motion of the Chapter 13 Trustee. I find inescapable the conclusion that each of the cases, and certainly the fifth case, No. 89–14217S, was "interposed for [the] improper purpose [of] ... harass[ing], ... caus[ing] delay, ... [and] increas[ing] the cost of litigation" to FNMA. *See* Fed.R.Bank.P. 9011.

The bankruptcy court was itself aware of the potentially sanctionable conduct by Narod and his wife, and noted, on review of FNMA's first motion to reopen and vacate, that "Relief against Arnold S. Narod and Bonnie O. Narod, including sanctions, will be considered if they make any additional frivolous bankruptcy filings." Bankruptcy Court's Order of April 19, 1990. Yet the court summarily dismissed FNMA's second application for relief with a one-sentence order, in January 1991, despite the fact that Narod, in the meanwhile, had filed a sixth petition in the District of Maryland on the eve of the next attempted sale of the Property. I conclude that to the extent that the bankruptcy court's January 31, 1991 order rested on a determination that no showing of "cause" within the meaning of section 350(b) had been made, such determination was erroneous.

## C.

FNMA requests that Narod's fifth case be reopened and dismissed pursuant to 11 U.S.C. § 109(g). Section 109(g) [11] provides:

§ 109. Who may be a debtor.

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g). Subsection (2), the application of which is mandatory rather than discretionary, bars from eligibility for filing under the Code, for a period of 180 days, any person who sought and obtained voluntary dismissal of the case following a request for relief from the Code's automatic stay provisions. Congress enacted section 109(g) to prevent abuse of the bankruptcy system through multiple filings. *See In re Arthur W. Dyke, Jr. and Judith Ann Dyke,* 58 B.R. 714, 716 (Bankr.N.D.Ill. 1986). As the courts have recognized, "[a]n important element of this abuse was the opportunity (and often desire) of a debtor, with little fear of the consequences, to move for the dismissal of his case after being confronted with, and as a direct result of, the filing of an automatic stay relief action." *In re James I. Ransom,* 60 B.R. 19, 20 (Bankr.E.D.Pa.1986).

Section 109(g)'s preclusion may be invoked only when (1) the debtor seeks to file a new petition within 180 days of the voluntary dismissal of the last petition, (2) where

such voluntary dismissal followed an application for relief from the stay. *See id.* On the record before me, neither threshold circumstance exists with respect to Narod's fifth and sixth bankruptcy filings, and thus FNMA's claim for section 109(g) dismissal appears untenable. FNMA does not allege that Narod voluntarily dismissed his fourth bankruptcy petition; rather it states that the petition was dismissed on motion by the Chapter 13 Trustee on May 11, 1989. In addition, FNMA does not allege that it filed an application for relief from the automatic stay prior to the dismissal of that case. The filing date of the fifth action—November 15, 1989—was more than 180 days after the fourth case was dismissed, on May 11, 1989. It would not appear, therefore, that section 109(g) could be a basis to bar the fifth filing. Section 109(g) would not seem to bar the sixth case because Narod's sixth bankruptcy filing in the District of Maryland, on September 18, 1990, took place more than 180 days after Narod sought voluntary dismissal of the fifth case on December 7, 1989. On remand, however, the bankruptcy court will have an opportunity to address, on a full record, whether section 109(g) properly may be invoked in this case.

## D.

In sum, I conclude that the bankruptcy court erred in refusing, on the grounds articulated in its January 31, 1991 order, to reopen the fifth Chapter 13 proceeding under section 350(b) to consider sanctions against Arnold Narod's conduct. Accordingly, the bankruptcy court's order of January 31, 1991 will be vacated and the case remanded for proceedings consistent with this Memorandum. On remand, the bankruptcy court should determine whether 11 U.S.C. § 109(g) is applicable to the facts of this case, and whether it is appropriate to award Rule 9011 expenses and fees to

**11.** Formerly section 109(f), prior to the 1986 Amendments to the Code.

FNMA.[12] In the event that the bankruptcy court determines that section 109(g) is inapplicable, such a finding will not necessarily limit the court's ability to preclude, under Rule 9011, bankruptcy filings by Narod within 180 days [13] or whatever time period the court deems reasonable.[14]

An order follows.

## ORDER

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED that the Motion of the Federal National Mortgage Association for Reconsideration of this Court's Order of May 17, 1991, denying the appeal from the bankruptcy court's order of January 31, 1991, is GRANTED. The bankruptcy court's order of January 31, 1991 is VACATED. This case is REMANDED to the bankruptcy court for proceedings consistent with the accompanying Memorandum.

---

**12.** By this appeal, FNMA seeks relief against both Arnold and Bonnie Narod. On the record before me, I cannot determine whether this case is the proper vehicle for granting relief against both Narods, as FNMA's motion attributes all but one of the bad-faith bankruptcy filings (six out of seven) to Arnold Narod alone. Thus I will commit the issue of the person(s) against whom relief should run to the bankruptcy court to determine on remand.

**13.** Cf. In re Demos, — U.S. —, 111 S.Ct. 1569, 114 L.Ed.2d 20 (1991) (petitioner who had filed 32 in forma pauperis filings in three years precluded from all future in forma pauperis filings seeking extraordinary writs on Court's finding that three most recent filings were "calculated to disrupt the orderly consideration of cases"); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (habeas petitioner seeking extraordinary writ prohibited from proceeding in forma pauperis where petitioner had history of numerous, frivolous filings); In re Kinney, 51 B.R. 840 (Bankr.C.D.Cal.1985) (noting that although "§ 109[g] is not broad enough to countermand the efforts of creative debtors and their counsel to avoid its effects.... Congress' intent in passing the section makes it clear that bad faith multiple filers should not be allowed the opportunity to avail themselves of the benefits of the Bankruptcy Code to the detriment of their creditors").

**14.** A bankruptcy court order limiting future filings might properly contain a proviso subjecting the filing restraint to the authority of the bankruptcy judge to permit, on motion of the debtor, a proposed filing within the restricted period.