In re Matthew EASON, Debtor.

Matthew EASON, Appellant,

v.

Irving STELTZER, Appellee.

No. 93 CV 5288.

United States District Court, E.D. New York.

April 21, 1994.

Lester & Fontanetta, P.C. (Roy J. Lester, of counsel), Garden City, NY, for debtor/appellant.

Miriam Lazofsky, Brooklyn, NY, for creditor/appellee.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

The debtor appeals from a November 4, 1993 order of the bankruptcy court dismissing his Chapter 7 petition.

### I

Appellee has filed no papers on this appeal. The following are the facts as presented by appellant.

On March 18, 1993 appellant debtor filed a Chapter 13 bankruptcy petition. On June 9, 1993 he filed a motion to dismiss the petition pursuant to 11 U.S.C. § 1307(b). That section provides, in relevant part,

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.

On the following day, June 10, 1993, appellee filed, pursuant to 11 U.S.C. § 362(d), a motion to vacate the automatic stay occasioned by the filing of the bankruptcy petition. That section provides, so far as relevant,

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [11 U.S.C. § 362(a) ] . . .
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . .

Ten days later, on June 17, 1993 the bankruptcy court granted appellant's motion to dismiss his Chapter 13 petition.

Thereafter, on July 30, 1993 appellant filed a Chapter 7 bankruptcy petition. On Sep-

tember 7, 1993 appellee filed a motion to dismiss the case pursuant to 11 U.S.C. § 109(g)(2) or, in the alternative, for relief pursuant to 11 U.S.C. § 362(d) from the automatic stay. Section 109(g)(2) says, in pertinent part,

> (g) Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> .    .    .    .    .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

On October 20, 1993 the bankruptcy judge heard oral argument on the motion to dismiss. Appellant's attorney argued that because appellant moved for dismissal prior to appellee's filing of a motion to vacate the automatic stay, section 109(g) did not apply. The bankruptcy judge disagreed, saying,

> [T]hat's not the way I read it, and my finding is that, notwithstanding the poor quality of the moving papers, the second filing was a nullity because both requirements of subdivision 2 of section 109(g) . . . had not been fulfilled prior to the request for relief from stay.

The judge orally granted the motion to dismiss and said a written order would follow. On November 4, 1993 the bankruptcy judge issued an order dismissing the Chapter 7 petition. The order says that "the Debtor requested and obtained the voluntary dismissal of the Chapter 13 case following the filing of a request for relief from the Automatic Stay provided by Section 362 of this title."

This language merely quotes 11 U.S.C. § 109(g)(2). It contains no basis for a finding that in fact appellant had both requested and obtained the dismissal after the request for relief from the stay.

Appellant timely filed this appeal. He argues that the bankruptcy judge erred in saying that "both requirements of subdivision 2 of section 109(g)" had to be fulfilled prior to

appellee's filing of a motion for relief from the automatic stay.

## II

According to section 109(g)(2) to bar a debtor from filing a new petition within 180 days he must have "requested *and* obtained the voluntary dismissal of the case *following* the filing of a request for relief from the automatic stay" (emphasis supplied). This court holds that the bankruptcy judge misread the section. He ruled that the debtor would have to both request and obtain dismissal prior to a creditor's filing of a motion for relief from the stay. The effect of the bankruptcy judge's reading would be to bar a debtor from filing the new petition if he requested but had not obtained the voluntary dismissal before the filing of a request for relief from the automatic stay.

Other courts have disagreed with the bankruptcy judge's reading. They have held that section 109(g)(2) does not apply when a creditor files for a stay after the debtor seeks dismissal but before dismissal is granted. *See, e.g., In re Hicks,* 138 B.R. 505, 506 (Bankr.D.Md.1992); *In re Ransom,* 60 B.R. 19, 20 (Bankr.E.D.Pa.1986). This court agrees with those courts. Section 109(g)(2) bars only a debtor who has both requested and obtained voluntary dismissal after a creditor's filing for relief from the automatic stay.

## III

Appellee argued before the bankruptcy court that appellant had notice of appellee's motion to vacate the stay before it requested a dismissal, and thus the policy, if not the language, of section 109(g)(2) was applicable. But the bankruptcy court did not rely on that argument and made no such finding of fact. Appellee did not see fit to oppose this appeal. If appellant's behavior was in fact an abuse of the bankruptcy process, the bankruptcy court has adequate sanctions available pursuant to Rule 9011 of the Rules of Bankruptcy Procedure to deal with that problem rather than applying section 109(g)(2) where inappropriate. *See In re Narod,* 138 B.R. 478, 484 (E.D.Penn.1992) (Pollak, J.) (holding that preclusive effect is available under Rule 9011 where repetitive filings not barred by section 109(g)(2)).

## IV

The November 4, 1993 order of the bankruptcy court dismissing appellant's Chapter 7 petition is reversed.

So Ordered.