**In re Ben G. ANDERSSON and Judith F. Andersson, Debtors.**

**Ben G. ANDERSSON and Judith F. Andersson, Plaintiffs–Appellants,**

**v.**

**SECURITY FEDERAL SAVINGS AND LOAN OF CLEVELAND, Defendant–Appellee.**

**No. 97–8027.**

United States Bankruptcy Appellate Panel, of the Sixth Circuit.

Submitted May 7, 1997.

Decided June 13, 1997.

Jonathon Blakely, Cleveland, OH, on brief, for Appellants.

Phyllis A. Ulrich, Carlisle, McNellie, Rini & Helfgott, Cleveland, Ohio, for Appellee.

Before LUNDIN, RHODES, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

The Chapter 13 Debtors obtained a voluntary dismissal of their first Chapter 13 case after a creditor had requested relief from the automatic stay. The Debtors filed a second Chapter 13 case within 180 days of the dismissal of the first. The bankruptcy court dismissed the Debtors' second bankruptcy case pursuant to 11 U.S.C. § 109(g)(2). We affirm the bankruptcy court's dismissal of the Debtors' second case.

## I. ISSUE ON APPEAL

The single issue urged by the parties in this appeal is whether 11 U.S.C. § 109(g)(2) is mandatory and requires dismissal where, within 180 days preceding the filing of the debtor's current case, the debtor obtained a voluntary dismissal of a prior bankruptcy case after a creditor requested relief from the automatic stay.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(c)(1). The single issue on appeal is one of statutory interpretation which is a question of law reviewed *de novo*. *See Rogers v. Laurain* (*In re Laurain*), 113 F.3d 595 (6th Cir.1997).

## III. FACTS

These facts are undisputed. Security Federal Savings and Loan Association holds a first mortgage on the Debtors' home. The Debtors filed a Chapter 13 petition on July 19, 1994 in order to stop foreclosure proceedings commenced by Security Federal. On May 15, 1995, Security Federal moved for relief from the automatic stay. The bankruptcy court noted that Security Federal's motion was resolved by the parties prior to the scheduled hearing, although no agreed entry to that effect was ever submitted. On November 17, 1995, the Debtors moved to voluntarily dismiss their Chapter 13 case. The bankruptcy court granted the voluntary dismissal on November 20, 1995.

On February 28, 1996, 100 days after their voluntary dismissal, the Debtors filed another Chapter 13 petition, again to stay foreclosure proceedings brought by Security Federal. On March 8, 1996, Security Federal filed a Motion to Dismiss and for Sanctions Pursuant to 11 U.S.C. Section 109(g) and for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011. The matter was submitted to the bankruptcy court without an evidentiary hearing. The bankruptcy court dismissed the Debtors' Chapter 13 case pursuant to 11 U.S.C. § 109(g)(2), sanctioned the debtors by barring their filing of another petition in bankruptcy for 180 days from the entry of judgment, and denied Security Federal's request for attorney fees. *In re Andersson*, No. 96–11001, 1996 WL 417233 (Bankr.N.D.Ohio May 24, 1996).

## IV. DISCUSSION

█ The Debtors appeal only the bankruptcy court's dismissal of their second Chapter 13 case under § 109(g)(2) of the Bankruptcy Code. Section 109(g)(2) provides:

§ 109. Who may be a debtor.

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

. . . .

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109 (Supp.1997).

The Debtors point out on appeal that there are conflicting lines of authority on how § 109(g)(2) should be interpreted. *See, e.g., First Nat'l Bank of Rocky Mount v. Duncan* (*In re Duncan*), 182 B.R. 156 (Bankr.W.D.Va.1995)(collecting cases and discussing generally three different interpretations of § 109(g)(2) adopted by courts). One line of cases, followed by the bankruptcy court below, holds that § 109(g)(2) is mandatory in nature and imposes a 180–day bar to refiling on any debtor who obtains a voluntary dismissal after a creditor has requested relief from the automatic stay, regardless of the debtor's good faith or whether there was

any connection between the debtor's voluntary dismissal and the creditor's request. Contrary lines of cases, urged by the Debtors on appeal, hold alternatively that application of § 109(g)(2)'s 180–day bar to refiling is discretionary with the court or that the bar should only be applied where there is some causal connection between the creditor's request for relief from the automatic stay and the debtor's request for a voluntary dismissal.

As the United States Supreme Court has instructed courts in examining the provisions of the Bankruptcy Code, "[w]e have stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (citation omitted). That statement is consistent with the United States Supreme Court's principles that statutory interpretation is a holistic endeavor which must begin with the language of the statute itself. Resort to an examination of legislative history is appropriate only to resolve statutory ambiguity, and in the final analysis, such examination must not produce a result demonstratively at odds with the purpose of the legislation. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990); *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The Sixth Circuit has likewise noted that statutes "must be read in a 'straightforward' and 'commonsense' manner," and that "[w]hen we can discern an unambiguous and plain meaning from the language of a [statute], our task is at an end." *Rogers v. Laurain (In re Laurain )*, 113 F.3d 595 (6th Cir.1997) (citations omitted); *see also Bartlik v. United States Dep't of Labor*, 62 F.3d 163 (6th Cir. 1995).

The text of § 109(g)(2) unambiguously states that "no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if ... the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." 11 U.S.C. § 109 (Supp.1997). The Debtors herein were debtors in their first Chapter 13 case within 180 days preceding the filing of their second Chapter 13 case. In the Debtors' first Chapter 13 case, Security Federal filed a request for relief from the automatic stay provided by § 362. In that first case, the Debtors requested and obtained a voluntary dismissal of the case.

Although this Panel has considered the cases urged by the Debtors, reading this statute in a straightforward and common-sense manner compels the conclusion that was reached by the bankruptcy judge:

> The plain meaning of a statute is conclusive except in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). The terms of § 109(g)(2) are clear and unambiguous. *In re Bigalk*, 813 F.2d 189 (8th Cir.1987). Moreover, the literal application of the statute comports with the drafter's express intention to prevent repeated invocation of the automatic stay. The mandatory interpretation also gives debtors clear direction as to their eligibility, which is consistent with the Sixth Circuit's instruction that eligibility issues should be determined in an "efficient and inexpensive" manner. *See In re Pearson*, [773 F.2d 751, 756 (6th Cir.1985) ] (interpreting eligibility issues under 11 U.S.C. § 109(e)). Based on these considerations, under the plain language of § 109(g)(2) an individual is not eligible to be a debtor under the Code for 180 days following voluntary dismissal of a case in which a creditor filed a motion for relief from stay. *Accord, In re Jarboe*, 177 B.R. 242 (Bankr.D.Md.1995). While this outcome may seem severe, it is mitigated by the fact that the statutory prohibition can only be invoked when the debtor voluntarily elects to dismiss his or her own case. [Harry Wright, IV, Must Courts Apply Section 109(g)(2) When Debtors Intend No Abuse in an Earlier Dismissal of Their

Case?, 7 Bankr.Dev. J. 103, 119–120 (1990) ]. Thus, it is the debtor who decides whether the benefit of dismissal outweighs the detriment of the 180–day bar. *Andersson,* 1996 WL 417233 at * 3. *See also Kuo v. Walton,* 167 B.R. 677 (M.D.Fla.1994); *In re Rist,* 153 B.R. 79 (Bankr.M.D.Fla.1993).

 To the extent that a review of legislative history would serve as a check that this determination does not produce a result at odds with the purpose of the statute, an examination of the legislative intent behind § 109(g)(2) further supports the Panel's reading of the statute and would yield the same result in this case. Section 109(g)(2) is intended to prevent the debtor from controlling the automatic stay without restriction by voluntarily invoking the stay (filing) and voluntarily terminating the stay (dismissing). The section restricts the debtor's invocation of the automatic stay (filing), if, following the filing of a request for relief from the automatic stay, the debtor voluntarily requests and obtains a dismissal of the bankruptcy. *Jarboe,* 177 B.R. at 246. Those are the precise facts presented in this appeal.

## V. CONCLUSION

The decision of the bankruptcy court dismissing the Debtors' second Chapter 13 case under 11 U.S.C. § 109(g)(2) is **AFFIRMED.**