**In re James M. RANKIN, Debtor.**

**No. 02–36641.**

United States Bankruptcy Court, E.D. Tennessee.

Jan. 2, 2003.

Lacy & Moseley, P.C., C. Allen Ragle, Raymond E. Lacy, Knoxville, TN, for First Central Bank.

Billy P. Sams, Oak Ridge, TN, for Debtor.

Ellen B. Vergos, United States Trustee, Patricia C. Foster, Knoxville, TN, for United States Trustee.

#### MEMORANDUM ON EMERGENCY MOTION TO DISMISS AND ALTERNATIVELY, FOR RELIEF FROM AUTOMATIC STAY

RICHARD S. STAIR, Jr., Bankruptcy Judge.

This matter is before the court on the Emergency Motion to Dismiss and Shorten the Time for Notice and a Hearing, and Alternatively, for Relief from Automatic Stay (Motion to Dismiss) filed on December 20, 2002, in which First Central Bank (the Bank) requests that this Chapter 11 bankruptcy case be dismissed for violation of 11 U.S.C.A. § 109(g)(2) (West 1993), or in the alternative, that the Bank be granted relief from the automatic stay to proceed with a scheduled foreclosure sale.

A hearing was held on December 31, 2002, at which time the Debtor's counsel acknowledged in open court the impropriety of filing the petition and agreed that the Chapter 11 case should be dismissed. Because the court finds the conduct of the Debtor's counsel in the filing of the present bankruptcy petition to be particularly egregious, this Memorandum will be filed notwithstanding the Debtor's lack of opposition to the Motion to Dismiss.

This is a core proceeding pursuant to 28 U.S.C.A. § 157(b)(2)(A), (G), and (O) (West 1993).

#### I

The Debtor has filed three voluntary bankruptcy petitions within the past year, including this pending Chapter 11 case.

In each of his bankruptcy filings, the Debtor has employed the same attorney, Billy P. Sams. The Debtor's bankruptcy cases are summarized in material part as follows:

(1) On August 20, 2002, the Debtor filed case number 02–34299 under Chapter 13 of the Bankruptcy Code. The Debtor did not file his statements, schedules, and plan, and the court entered an Order on August 22, 2002, directing him to file these documents within the time required by Federal Rules of Bankruptcy Procedure 1007(c) and 3015(b). In response, the Debtor filed a motion in which he requested additional time from the court to file his statement of financial affairs, schedules, and Chapter 13 plan. The Debtor's motion was granted by Order entered September 5, 2002, allowing him until September 10, 2002, to file these documents. On September 13, 2002, the Debtor, exercising the dismissal right afforded him under 11 U.S.C.A. § 1307(b) (West 1993), filed a Motion to Dismiss his case. The dismissal Order was entered on September 18, 2002, without the Debtor's statements, schedules, and plan ever having been filed.

(2) On October 25, 2002, the Debtor filed case number 02–35636 under Chapter 13 of the Bankruptcy Code. Once again, the Debtor failed to file his statements, schedules, and plan, and the court entered an Order on October 29, 2002, directing him to timely file these documents pursuant to Rules 1007(c) and 3015(b). On October 29, 2002, the Bank filed a Motion for Relief from Automatic Stay and Codebtor Stay (Motion for Relief) in order to proceed with a foreclosure sale of real property located at 916 Katherine Avenue, Knoxville, Tennessee, pursuant to a Deed of Trust

in favor of the Bank.[1] The Motion for Relief alleged that the sale was scheduled for October 25, 2002, the day that the Debtor filed his bankruptcy petition, and that the Debtor filed his petition in bad faith, with the sole purpose of delaying and hindering the Bank's foreclosure.[2] The court scheduled a hearing on the Motion for Relief for November 20, 2002; however, the Debtor once again, by the filing of a "Voluntary Dismissal," on November 1, 2002, exercised his statutory right to voluntarily dismiss his Chapter 13 case. On November 20, 2002, the court entered two Orders: the first, an Order Granting Relief from Automatic Stay and Codebtor Stay in favor of the Bank, and the second, an Order Dismissing Case. The Debtor failed to file his statements, schedules, and plan prior to the dismissal of this case.

(3) On December 20, 2002, the Debtor filed the Voluntary Petition initiating this Chapter 11 case,[3] the Verification of Creditor Matrix, List of Twenty Largest Unsecured Creditors, Notice to Individual Consumer Debtor, and Disclosure of Attorney Compensation. Once again, the Debtor did not file statements and schedules, and the court entered an Order on December 26, 2002, directing him to file these documents within fifteen days, as required by Federal Rule of Bankruptcy Procedure 1007(c). On December 20, 2002, the Bank filed its Motion to Dismiss, based upon the Debtor's previous bankruptcy filings and his voluntary dismissal of case number 02–35636 within the 180 days immediately preceding this bankruptcy filing, in violation of § 109(g)(2). The Bank further asserts that the Debtor's current and previous bankruptcy filings constitute his attempts to stall and/or prevent foreclosure proceedings initiated by the Bank.

## II

Section 109 of the Bankruptcy Code instructs who may be a debtor under title 11. Specifically, the Bankruptcy Code states that:

> (g) Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> . . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C.A. § 109(g)(2) (West 1993).

As to statutory interpretation, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Andersson v. Security Fed. Sav. & Loan of Cleveland (In re Andersson),* 209 B.R. 76, 78 (6th Cir. BAP 1997) (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)). In the Sixth Circuit, courts must read statutes in a "straightforward" manner, and if

---

**1.** The Deed of Trust, executed March 28, 1994, secures a Note dated April 1, 1997, in the principal amount of $251,931.40. The Deed of Trust was recorded in Trust Book 2866, page 1026, with the Knox County Register of Deeds.

**2.** The Motion for Relief also alleged that a foreclosure sale had been scheduled for August 20, 2002, the date upon which the Debtor's first bankruptcy case was filed.

**3.** The Debtor listed his prior two bankruptcy cases, as required on the Voluntary Petition; however, he did not list the filing date of either case.

an "unambiguous and plain meaning" is discerned, the inquiry ends. *See id.* (citing *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 597 (6th Cir.1997)).

■ The language of § 109(g)(2) is clear and mandatory, "designed to prevent misconduct by a debtor," regardless of any indicia of good or bad faith. *Chrysler Fin. Corp. v. Dickerson (In re Dickerson)*, 209 B.R. 703, 707 (W.D.Tenn.1997). The purpose of § 109(g)(2) is "to prevent the debtor from controlling the automatic stay without restriction by voluntarily invoking the stay (filing) and voluntarily terminating the stay (dismissing)." *Andersson*, 209 B.R. at 79. Moreover, while some courts have held that "the running of the 180 day period is tolled during the pendency of an improperly filed bankruptcy petition," *Dickerson*, 209 B.R. at 708 (citing *In re Wilson*, 85 B.R. 72, 73 (Bankr.N.D.Ill. 1988)), another court has concluded that "[a] failure to apply the 180 day period from the date of the final dismissal of the improperly filed successive bankruptcy case would defeat the purpose of the 180 day period because it frequently takes longer than 180 days for the process of dismissing the improperly filed case to occur." *In re Roland*, 224 B.R. 401, 404 (Bankr.E.D.Mo.1997).

■ The Debtor filed the current bankruptcy case on December 20, 2002, a mere thirty days after he voluntarily dismissed his second bankruptcy case in which the Bank's Motion for Relief was pending and subsequently granted. Accordingly, following the clear mandate of § 109(g)(2), this bankruptcy case must be dismissed. Furthermore, following the authority of *Roland*, the court will not allow the Debtor to file another petition under title 11 for a period of 180 days from the dismissal of the present Chapter 11 case.

Because the case will be dismissed, the court does not need to address the Bank's alternative motion for relief from the automatic stay.

**III**

Dismissal of this bankruptcy case does not conclude this matter. The court is concerned about the conduct of the Debtor's counsel, an experienced bankruptcy attorney, in filing the present Chapter 11 case.

Section 109(g)(2) is clear and unambiguous in its directive that a "debtor who requested and obtained the voluntary dismissal of [his] case following the filing of a request for relief from the automatic stay" is barred from filing another case under title 11 for a period of 180 days. Given the Debtor's counsel's familiarity with the Bankruptcy Code and the fact that this is the third filing by this Debtor of a bankruptcy petition without the filing of the Debtor's statement of financial affairs, schedules, and, in the case of the two prior Chapter 13 cases, plan, the court questions the bona fides of both the Debtor and his attorney in filing the present case.

The court is satisfied that this Chapter 11 case, as well as the prior Chapter 13 cases, had but one goal—to thwart the Bank's efforts to foreclose its lien on the Debtor's 916 Katherine Avenue property. To willfully ignore the bar language of § 109(g)(2) in pursuit of this goal gives the court great concern.

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides in material part:

**(b) Representations to the court**

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

. . . .

**(c) Sanctions**

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) **How initiated**

. . . .

(B) **On court's initiative**

On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

Pursuant to Rule 9011(c)(2), the court will direct Debtor's counsel to appear and show cause why he should not be found to have violated Bankruptcy Rule 9011(b) and why appropriate sanctions should not be levied against him pursuant to Bankruptcy Rule 9011(c).

**IV**

An order consistent with this Memorandum will be entered.