**In re Arvil C. BUCK, Jackie V. Buck, Debtors.**

No. 03–36363.

United States Bankruptcy Court, E.D. Tennessee.

Feb. 6, 2004.

Lewis, King, Krieg & Waldrop, P.C., M. Edward Owens, Jr., Knoxville, TN, for AmSouth Bank.

Gail F. Wortley, Knoxville, TN, for Debtors.

Gwendolyn M. Kerney, Knoxville, TN, Chapter 13 Trustee.

## MEMORANDUM ON MOTION TO DISMISS

RICHARD S. STAIR, JR., Bankruptcy Judge.

This matter is before the court on the Motion to Dismiss filed by AmSouth Bank (AmSouth) on December 3, 2003, requesting that the Debtors' present Chapter 13 bankruptcy case be dismissed for violation of 11 U.S.C.A. § 109(g)(2) (West 1993). AmSouth grounds its Motion to Dismiss on the fact that the Debtors voluntarily dismissed a previous Chapter 13 bankruptcy case after AmSouth obtained relief from the automatic stay and filed the present case within 180 days from the date of the dismissal. · The Debtors filed an Opposition to AmSouth Bank's Motion to Dismiss on December 9, 2003, arguing that § 109(g)(2) does not apply because there

was no pending automatic stay motion at the time that they voluntarily dismissed their prior case.

The court held a preliminary hearing on the Motion to Dismiss on January 21, 2004. The parties agreed that the issue involved a question of law, and on January 23, 2004, the court entered an Order directing the parties to file briefs in support of their respective positions by February 2, 2004. Additionally, the court advised the parties that it would take judicial notice of certain undisputed facts related to the prior Chapter 13 case. The Reply Brief of AmSouth Bank on Motion to Dismiss was filed December 16, 2003, and the Debtors' Trial Brief was filed on January 29, 2004.

The facts and documents essential to the resolution of this issue are before the court, and the Motion to Dismiss shall be decided without further hearing.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

### I

On December 3, 2001, the Debtors filed the Voluntary Petition commencing case number 01–35924 under Chapter 13 of the Bankruptcy Code (Prior Case). At the commencement of the Prior Case, AmSouth was a secured creditor of the Debtors, holding a valid first and second mortgage on the Debtors' residence, located at 7414 Pinto Lane, Corryton, Tennessee (Real Property). The Debtors' Chapter 13 Plan in the Prior Case, which was confirmed on February 14, 2002, provided for payment of AmSouth's first and second mortgage claims outside the plan.

On August 12, 2003, AmSouth filed a Motion for Relief From the Stay and For Abandonment of Property (Motion for Relief), requesting modification of the automatic stay to allow it to foreclose upon its lien encumbering the Real Property, be-

cause the Debtors had failed to pay the first and second mortgages as provided for in the plan. The Debtors did not object to the Motion for Relief, and an Order Granting Relief From the Stay and Abandonment of Property (Relief Order) was entered on September 12, 2003, granting AmSouth the requested relief from the automatic stay and authorizing it to foreclose its lien on the Real Property.

The Debtors filed a Motion to Dismiss (Voluntary Dismissal Motion) on September 15, 2003, requesting permission to voluntarily dismiss their Chapter 13 bankruptcy case. The court granted the Voluntary Dismissal Motion and entered an Order Dismissing Chapter 13 Case and Directing Distribution of Funds on September 30, 2003 (Dismissal Order).[1]

On November 18, 2003, the Debtors filed the Voluntary Petition commencing their present Chapter 13 bankruptcy case (Present Case). In the Present Case, the Debtors' Chapter 13 Plan proposes payments to AmSouth on its first and second mortgage claims inside the plan. It also provides for payments on the arrearage owed on the first mortgage in the amount of $7,176.93 and on the second mortgage in the amount of $2,136.74. Apparently in response to AmSouth's Motion to Dismiss, on January 27, 2004, the Debtors filed an Amended Chapter 13 Plan, adding the following bar language: "That in the event that the Debtors' case is dismissed for any reason, the Debtors shall be barred from refiling a case for a period of 180 days from the date of such dismissal."

After the Debtors filed the Present Case, AmSouth filed its Motion to Dismiss, arguing that under § 109(g)(2), the Debtors are not eligible to re-file a bankruptcy case under any chapter of the Bankruptcy Code until the expiration of 180 days following the voluntary dismissal of the Prior Case because they voluntarily dismissed it following AmSouth's Motion for Relief. The Debtors, in their Opposition, argue that § 109(g)(2) applies only to cases in which a motion for relief from the automatic stay was pending when the case was voluntarily dismissed.

## II

 Section 109 of the Bankruptcy Code dictates who may be a debtor; more specifically providing that:

> (g) Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> . . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C.A. § 109(g)(2). Section 109(g)(2) was enacted "to prevent debtors from frustrating creditors' efforts to recover funds owed them [by denying] a debtor the opportunity to invoke repeatedly the automatic stay of Title 11." *Moran v. Frisard (In re Ulmer)*, 19 F.3d 234, 235 (5th Cir. 1994); *see also In re Richardson*, 217 B.R. 479, 488 n. 15 (Bankr.M.D.La.1998) (providing an informative analysis of § 109(g)(2)'s legislative history).

Section 109(g)(2) has been interpreted by the courts in three ways. First, some courts take the position that the statutory language is mandatory, and if a motion for relief from the automatic stay was filed at any time during a bankruptcy case

---

**1.** Pursuant to 11 U.S.C.A. § 1307(b) (West 1993), "[o]n request of the debtor at any time

... the court shall dismiss a case under [Chapter 13]."

that the debtor voluntarily dismissed, he or she may not re-file until the expiration of the stated 180 days. *See, e.g., In re Munkwitz,* 235 B.R. 766 (E.D.Pa.1999); *Chrysler Fin. Corp. v. Dickerson (In re Dickerson),* 209 B.R. 703 (W.D.Tenn. 1997); *Andersson v. Security Fed. Sav. & Loan of Cleveland (In re Andersson),* 209 B.R. 76 (6th Cir. BAP 1997). The second line of cases adopts the mandatory language if the debtor voluntarily dismissed the first case while a motion was pending, giving rise to a presumption of bad faith. *See, e.g., Economy Motors, Inc. v. Jones (In re Jones),* 99 B.R. 412 (Bankr. E.D.Ark.1989). Finally, some courts have found that the § 109(g)(2) language is discretionary, based upon the equities of the case and to prevent an absurd result. *See, e.g., Home Sav. of Am., F.A. v. Luna (In re Luna),* 122 B.R. 575 (9th Cir. BAP 1991); *In re Sole,* 233 B.R. 347 (Bankr. E.D.Va.1998); *In re Santana,* 110 B.R. 819 (Bankr.W.D.Mich.1990).

The court previously examined the § 109(g)(2) issue in connection with a case that was voluntarily dismissed following the filing of a motion for relief from the automatic stay. *See In re Rankin,* 288 B.R. 201 (Bankr.E.D.Tenn.2003). In *Rankin,* the debtor filed three bankruptcy cases in one year, and in particular, the second case, a Chapter 13, was expressly filed to stop a foreclosure sale that was scheduled for the next day.[2] The creditor then filed a motion for relief from the automatic stay, but the debtor voluntarily dismissed before the scheduled hearing date. Nevertheless, the court entered an order granting relief from the automatic stay before entering an order of dismissal. After the creditor once again instituted foreclosure proceedings, the debtor filed a voluntary petition, this time, under Chapter 11. The court granted the creditor's motion to dismiss pursuant to § 109(g)(2), holding that the statute precluded the debtor's third bankruptcy case, which was filed only thirty days after he voluntarily dismissed the second case. The court noted that the debtor sought to dismiss while the creditor's motion for relief was pending, but the motion was subsequently granted prior to the court's entry of an order of dismissal. The court did not expressly adopt any one of the three interpretations of § 109(g)(2), as the facts of the case clearly violated the statute, under any interpretation.[3]

Similarly, the facts of this case also necessitate a finding that § 109(g)(2) was violated, regardless of how the court interprets it. AmSouth filed its Motion for Relief on August 12, 2003, one and one-half years into the Prior Case, and after the Debtors had failed to pay the first and second mortgage claims pursuant to the terms of their Chapter 13 Plan. When the Debtors filed the Prior Case, there were no arrearage balances due under either mortgage; however, at the time that AmSouth filed its Motion for Relief, the first mortgage had an arrearage of $4,092.93, and the second mortgage had an arrearage of $1,356.74.[4]

On September 10, 2003, the court held a hearing attended by Debtors' counsel on the Motion for Relief, and it was granted. AmSouth tendered the Relief Order, which was entered by the court on September 12,

---

**2.** Statements and schedules were not filed by the debtor in any of his three bankruptcy cases.

**3.** In *Rankin,* the debtor's actions necessitated sanctions against the attorney who filed the three petitions on his behalf.

**4.** Between August 2003 and November 2003, the arrearage balances grew to $7,176.93 and $2,136.74, respectively.

2003. The Debtors are correct in their assertion that the Voluntary Dismissal Motion was not actually filed until September 15, 2003, three days after the Motion for Relief was granted; however, the Voluntary Dismissal Motion was actually signed by the Debtors and served on parties in interest on September 11, 2003, while the Motion for Relief was still pending. Clearly, the Debtors were aware that AmSouth was going to be in the position to begin foreclosure proceedings against the Real Property on September 11, 2003, once the Relief Order was entered. It is equally clear to the court that the Voluntary Dismissal Motion was purposely not filed until after the Relief Order was entered in anticipation by the Debtors that since AmSouth's Motion for Relief was no longer pending, they would prevail on their interpretation of § 109(g)(2).

Forty-nine days after the Prior Case was dismissed, the Debtors filed the Present Case. Upon the filing of this case, the automatic stay was again reinstated. Accordingly, despite their having received relief from the stay in the Prior Case, AmSouth was again stayed from proceeding to enforce its rights against the Real Property, and if the Present Case were allowed to proceed, AmSouth would again be forced to obtain relief from the automatic stay in order to foreclose upon the Real Property, incurring additional filing fees and attorneys' fees. The court believes that this is the type of action that § 109(g)(2) was expressly enacted to prevent; i.e., allowing debtors to "control[ ] the automatic stay without restriction by voluntarily invoking . . . and . . . terminating the stay," regardless of whether they are acting in bad faith, per se. *Rankin,* 288 B.R. at 204. ■ Because the Debtors' calculated dismissal of the Prior Case was designed to defeat the very purpose for which § 109(g)(2) was enacted, the court finds that the filing of the Present Case by the Debtors within the 180–day period prescribed by § 109(g)(2) was improper. Therefore, AmSouth's Motion to Dismiss shall be granted, and the Debtors' Present Case shall be dismissed. Additionally, because " 'the 180–day period is tolled during the pendency of an improperly filed bankruptcy petition,' " *Rankin,* 288 B.R. at 204 (quoting *Dickerson,* 209 B.R. at 708), the Debtors shall not be eligible to file a bankruptcy petition under any chapter of the Bankruptcy Code for 131 days following entry of the order accompanying this Memorandum.

An order consistent with this Memorandum will be entered.

### *ORDER*

For the reasons stated in the Memorandum on Motion to Dismiss filed this date, the court directs the following:

1. The Motion to Dismiss filed by AmSouth Bank on December 3, 2003, is GRANTED. This Chapter 13 bankruptcy case is DISMISSED.

2. The 180–day refiling bar date having been tolled during the pendency of this Chapter 13 case, the Debtors are prohibited from filing another bankruptcy petition under title 11 of the United States Code for a period of 131 days from the date of the entry of this Order.

SO ORDERED.