**In re Robert S. STEELE, and Carolyn M. Steele, Debtors.**

No. 04–70596.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 27, 2005.

Elaine Niforos, Eastpointe, MI, for Debtors.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN AND DISMISSING CASE

MARCI B. McIVOR, Bankruptcy Judge.

This matter is before the Court on the Trustee's Objections to Confirmation of Debtors' proposed Chapter 13 Plan. The Trustee contends that Debtors are not eligible to file bankruptcy because, pursuant to 11 U.S.C. § 109(g)(2), they voluntarily dismissed their prior Chapter 13 petition following a motion for relief from the automatic stay. For the reasons stated below, the Court sustains Trustee's objection and dismisses the case.

Debtors filed a Chapter 13 petition on September 12, 2002 (Case No. 02–61221). On March 7, 2003, General Motors Acceptance Corporation filed a Motion for Relief from Stay. On April 3, 2003, GMAC and the Debtors stipulated to an Order to modify the automatic stay. The Order provided that Debtors must stay current on Plan payments, and if they failed to do so, the stay would be lifted upon the submission of an affidavit of default. On July 23, 2004, GMAC filed an affidavit of default, and on August 23, 2004, an Order was entered granting Debtors' Petition for Voluntary Dismissal of their Chapter 13 case. Debtor filed the present petition on October 28, 2004. A proposed Chapter 13 Plan was filed on that same date, along with the petition. The Trustee filed objections to the proposed plan on December 10, 2004.

▮ Section 109 of the Bankruptcy Code sets forth who may be a debtor under the Code. Specifically, § 109(g)(2) states:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The purpose behind this section to "prevent the debtor from controlling the automatic stay without restriction by voluntarily invoking the stay (filing) and voluntarily terminating the stay (dismissing)." *Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson)*, 209 B.R. 76, 79 (6th Cir. BAP 1997).

While the Sixth Circuit Court of Appeals has not directly interpreted the meaning of this code provision, 11 U.S.C. § 109(g)(2), was strictly construed by a Sixth Circuit Bankruptcy Appellate Panel in the *Andersson* case. In *Andersson*, the debtor filed a chapter 13 petition one hundred days after having voluntarily dismissed a prior chapter 13 petition. In the prior case, a creditor filed a motion for relief from stay on May 15, 1995. The motion was resolved prior to the scheduled hearing and no order was entered. On November 17, 1995, the debtors moved to voluntarily dismiss their Chapter 13 case, and an order dismissing the case was entered on November 20, 1995. After the second petition was filed, the mortgage creditor sought to dismiss the case under § 109(g)(2). The bankruptcy court granted the motion and dismissed the second petition.

In affirming the bankruptcy court's dismissal, the *Andersson* court recognized conflicting lines of authority interpreting section 109(g)(2). *Id.* at 78, *citing First Nat'l Bank of Rocky Mount. v. Duncan (In re Duncan)*, 182 B.R. 156

(Bankr.W.D.Va.1995)(collecting cases discussing at least three interpretations which hold the 180 day bar discretionary rather than mandatory, and focus on a debtor's good faith and/or any connection between the voluntary dismissal and a creditor's request for relief from the stay). The *Andersson* court rejected those cases, and interpreted the statute in a "straightforward and commonsense manner," finding that its terms were "clear and unambiguous." *Id.* at 78.

> [U]nder the plain language of § 109(g)(2), an individual is not eligible to be a debtor under the Code for 180 days following voluntary dismissal of a case in which a creditor filed a motion for relief from stay... While this outcome may seem severe, it is mitigated by the fact that the statutory prohibition can only be invoked when the debtor voluntarily elects to dismiss his or her own case... Thus it is the debtor who decides whether the benefit of dismissal outweighs the detriment of the 180 day bar.

*Andersson* at 78–79 (citations omitted). *See also In re Richardson*, 217 B.R. 479 (Bankr.M.D.La.1998)(thorough post-*Andersson* analysis of section 109(g)(2)). The court did not look to the circumstances surrounding the dismissal or to the debtor's good faith in seeking a voluntary dismissal.

■ This Court agrees with the court's analysis in *Andersson*. The language of 11 U.S.C. 109(g)(2) is unambiguous, and while the result may be harsh, the result is completely dictated by a debtor's actions. Once a motion for relief from stay has been filed, if a debtor chooses to voluntarily dismiss his case, he cannot file another case for 180 days following the dismissal.

The facts of this case are indistinguishable from the facts of the *Andersson* case. The present petition was filed less than 180 days after the dismissal of the first petition, which was dismissed subsequent to a creditor's motion for lift of stay. Under the plain language of the statute, Debtors are barred from filing another petition for 180 days from August 23, 2004, the date on which Debtors' first case was dismissed.

For the foregoing reasons, Trustee's Section 109(g)(2) Objection to Debtors' Proposed Plan is hereby SUSTAINED and the case is DISMISSED.